**Sandra KENNEY, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. WD 58174.**

Missouri Court of Appeals,
Western District.

May 22, 2001.

Danieal Miller, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Dora A. Fichter, Karen L. Kramer, Asst. Attys. Gen., Jefferson City, for Respondent.

RONALD R. HOLLIGER, Judge.

Sandra Kenney appeals the denial of her Rule 29.15 motion after evidentiary hearing. In her original trial Kenney was convicted of two counts of first-degree assault. On direct appeal we affirmed her conviction for class B first degree assault against Naomi Baum's unborn baby, but reversed the conviction for class A first degree as-

sault against Ms. Baum and remanded to the trial court with directions to enter a judgment against Kenney for class B first degree assault against Ms. Baum. *State v. Kenney*, 973 S.W.2d 536 (Mo.App.1998). Kenney now contends that she received ineffective assistance of counsel because her trial counsel failed to adequately counsel her as to her right to testify and call her as a witness. In her second point, Kenney claims that her counsel was ineffective for failing to file a motion in limine to prevent introduction of evidence that Ms. Baum was sodomized with a banana. Finding that the evidence does not support either claim and that the second point is an attempt to raise a claim not cognizable in a post-conviction proceeding, we affirm the denial of her Rule 29.15 motion.

The allegations at trial concerned Kenney's hiring of three individuals for the purpose of killing the victim, Ms. Baum, and the victim's unborn child. The victim was a former paramour of Kenney's estranged husband and was 21 weeks pregnant at the time of the assault. The evidence offered at trial indicated that two of the three individuals actually committed the assault, while the third remained outside. The two assailants hit the victim multiple times and injected her with a mixture of cocaine and antifreeze, in an attempt to kill the victim and her unborn child. During the assault, one of the assailants also inserted a banana into the victim's rectum. The victim survived the assault. The assailants testified at trial regarding the attack and Kenney's complicity in the offense.

At trial Kenney's counsel objected to the banana sodomy evidence as inadmissible bad acts or uncharged crimes evidence. The trial court overruled that objection. That ruling was not an issue on the direct appeal. At the Rule 29.15 evidentiary hearing, Kenney's trial counsel claimed that the prosecutor had agreed prior to trial that evidence or argument of the banana sodomy was not going to be introduced at trial. For that reason, Kenney's trial counsel did not file any motion in limine regarding that issue. The prosecutor claimed that there was no such agreement, and the trial court properly held that evidence and testimony of the banana sodomy was admissible as part of the *res gestae* of the offense.

Kenney did not testify on her own behalf at trial. There was no record made at trial regarding her failure to testify. Kenney's trial counsel testified at the 29.15 hearing that he had discussed with her the "pros and cons" of her testimony, and that they ultimately decided that she would not testify.

### POINTS ON APPEAL

Kenney first alleges that the motion court erred in denying her 29.15 motion, as she received inadequate assistance of counsel at trial on the basis of counsel's failure to "adequately counsel Appellant as to her right to testify, prepare her for testimony, and call her as a witness." Kenney claims that she was prejudiced because "her testimony was the only way to refute the testimony of the state's witnesses concerning her involvement in the crimes charged." She further suggests that she could not have been impeached due to her lack of any prior criminal record.

Kenney's second point alleges that the motion court erred in denying her 29.15 motion on three related grounds regarding the admission of evidence that the victim of the assault was sodomized with a banana by her attackers. She first argues that her trial counsel rendered inadequate assistance of counsel by failing to file a pre-trial motion seeking the exclusion of evidence or comment regarding the sodomy. Kenney then argues that the motion

court incorrectly held that the evidence regarding the banana sodomy did not come into evidence. Lastly, she argues that she was prejudiced by admission of evidence of the sodomy because it was prejudicial and inflammatory, as well as the only evidence regarding any sexual contact by the attackers.

The State replies by arguing that Kenney could not have been prejudiced by the failure of her trial counsel to file a pre-trial motion to attempt to exclude evidence regarding the sodomy, because such a motion would have only obtained a provisional ruling from the trial court and would have been denied by the court in any event, based upon the trial court's later evidentiary rulings. The State asserts that, while the motion court was incorrect in its finding that evidence regarding the banana sodomy did not come into evidence at trial, the admission of that evidence was proper and did not prejudice Kenney. The State further argues that Kenney has failed to establish that, had the evidence been excluded, there was a reasonable likelihood that the outcome at trial would have been different. In support of this argument, it suggests that the other evidence adduced at trial was "overwhelming" and clearly established Kenney's guilt.

### STANDARD OF REVIEW

■ This court's review of a lower court's ruling upon a Rule 29.15 motion is limited, and we cannot reverse unless the findings of facts and conclusions of law reached by the lower court are clearly erroneous. *State v. Link*, 25 S.W.3d 136, 148 (Mo. banc 2000). The lower court's findings of fact and conclusions of law

must be presumed to be correct, unless a review of the entire record leaves this court "with a definite and firm impression that a mistake has been made." *Id.* at 148–49.

■ Both of Kenney's points on appeal concern, at least in part, claims of ineffective assistance of counsel. For a claim of ineffective assistance of counsel to prevail, a two-part test must be satisfied. First, the trial counsel must have "fail[ed] to exercise the customary skill and diligence that a reasonably competent attorney would exercise in similar circumstances." *State v. Clay*, 975 S.W.2d 121, 135 (Mo. banc 1998) (citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Second, prejudice must be established through showing "a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Id.*

### APPELLANT'S FAILURE TO TESTIFY AT TRIAL

■ Kenney's first claim of error is that the motion court should have found that her trial counsel rendered ineffective assistance of counsel in failing to adequately advise and prepare her regarding her possible testimony at trial. Ultimately, Kenney did not testify at the trial, and it is disputed whether that failure was her choice. No record was made at trial regarding Kenney's right to testify.[1]

During the evidentiary hearing on the 29.15 motion, Kenney's failure to testify at trial is discussed at three points. First, testimony was elicited from her mother, who was apparently present at each meeting between Kenney and her trial counsel:

---

1. The Missouri Trial Judges' Bench Book recommends that if a defendant elects not to testify, a record should be made outside the hearing of the jury in which the defendant, under oath, acknowledges that she understands her right to testify and that she has decided not to testify. *See* Bench Book for Missouri Trial Judges, CR Chapter 2 § 1.b (1999).

Q. And was there any discussion about whether or not it would be a good thing for Sandra to testify?

A. No, there was not.

Q. Was the fact that she had an absolute right to testify discussed?

A. He didn't discuss it at all about her testifying.

Q. Didn't discuss it in any form whatsoever; fair?

A. No.

Q. Is that a correct statement?

A. Yes.

It is next discussed during the testimony of Kenney:

Q. Okay. And was there any time spent prior to the time that the trial began discussing whether or not that you should become a witness on your own behalf?

A. Not that I can remember, no.

Q. Mr. Dodson didn't go through whether—how results can differ if a defendant testifies versus if they don't?

A. No.

Q. Now, were there—by the way, did you, prior to this case, did you have a long criminal history?

A. I don't have any criminal history.

Q. Other than this?

A. Other than this.

Q. And if you had been called to testify would you have told the jury you were innocent?

A. Yes.

Q. Is that, in fact, true?

A. Yes.

Q. Was there ever a discussion about whether or not that you should testify?

A. Yes.

Q. Tell us about it.

A. It was—I think it was the last day of the court hearing. I think he was on the last witness, or Mr. Tackett was on the last witness or something. And he said, "Do you"—he goes. "What do you think about testifying?" He goes, "Well, think about it and I'll get back to you."

And then just before he says, "No, never mind, I changed my mind. I don't want you testifying."

Q. And how long did he—or strike that.

Have you given us the entirety of the discussion that you had with your lawyer about whether or not you should testify?

A. Yes.

Q. And the discussion on the second day of trial was the only time that you had ever discussed that with your lawyer; fair?

A. Yes.

Lastly, during the cross-examination of Kenney's trial counsel, this testimony was elicited:

Q. And when you say you covered every aspect of the case with Ms. Kenney, did you cover whether or not she was going to testify?

A. Yes, I did.

Q. And did you answer her questions with concern to this case involving witnesses, or any questions she answered—did she answer all the questions?

A. Yeah. We talked extensively. And talked—and the decision, as far as her testimony, was—we left it open until the last minute. And it also concerned whether or not her daughter would testify. And we discussed the pros and the cons and ultimately I told her it was her deci-

sion and that's the decision she made.

Q. So she made the decision not to testify?

A. Yes, she did.

Q. And as a trial lawyer, don't you wait until all the evidence is in before advising your client one way or the other?

A. Before making a final decision. But we discussed, you know, the pros and cons of her testimony, and what it would mean, and what she could face, numerous times prior to that. It wasn't like we just saved it and brought it up at the last minute.

But the ultimate decision is always to be made at the last minute. Once in a while, if you have a client with a long criminal history, you make the decision far ahead of time that the client will not testify.

■ The authority to make certain fundamental decisions in a criminal trial rests with the defendant. Included among these is the decision whether to testify. *State v. Johnson*, 714 S.W.2d 752, 766 (Mo. App.1986). From the review of the above excerpts, it is clear that the motion court had before it conflicting testimony regarding the extent to which Kenney and her trial counsel discussed her possible testimony at trial. In reaching its conclusions, the motion court was therefore required to make determinations regarding the credibility and weight to be accorded to each witnesses' testimony. The motion court made an express finding that the testimony of Kenney and her mother was not credible. In reviewing the lower court's decision, we must defer to that court's credibility determinations. *See Colbert v. State*, 7 S.W.3d 471, 474 (Mo.App.1999). Even if not contradicted, the motion court may disbelieve the testimony of the movant or any other witness. *Id.* Here, the

motion court clearly made a finding regarding the credibility to be accorded the testimony of Kenney and her mother. As that finding was well within the motion court's discretion, it should not be disturbed.

■ Even if her testimony was not believed by the motion court, Kenney suggests that, viewing the remaining testimony in the light most favorable to her, the evidence supports a finding of ineffective assistance of counsel for the reason that the record is devoid of "specific references to the factors discussed [by Kenney and trial counsel] and considered regarding the decision not to testify." The State replies that it was not necessary for it to offer evidence at that hearing regarding the "factors discussed" by Kenney and her trial counsel. The movant under Rule 29.15, bears the burden of proof. *See Myszka v. State*, 16 S.W.3d 652, 657 (Mo. App.2000). Adopting Kenney's argument would improperly shift that burden of proof onto the State. Kenney briefly mentions "factors" such as her lack of a prior criminal record and adequate preparation for possible testimony as bearing upon whether she could make an informed decision whether to testify. Those factors are certainly not exclusive and the obligation to more fully develop those and possible others was the obligation of movant at her 29.15 hearing. We find no error by the trial court in concluding that Kenney failed to satisfy her burden of proof.

■ Kenney further suggests that the decision regarding whether she would testify was made by trial counsel, not by herself. This claim is contradicted by the testimony of her trial counsel. In light of the motion court's credibility findings, that court had sufficient evidentiary basis to find that Kenney had not met her burden of proof regarding this claim. Even if trial

counsel advised her not to testify, she is not entitled to relief. As a general matter, "an attorney's advice regarding whether or not a defendant should testify is a matter of trial strategy." *State v. George,* 937 S.W.2d 251, 257 (Mo.App.1996). As such, when defendants later claimed ineffective assistance of counsel regarding such advice, the appellate courts have held that aside from "exceptional circumstances, such a claim is not a ground for relief." *Id.* Here, Kenney has failed to show exceptional circumstances which would suggest that relief is appropriate. Accordingly, we hold that the motion court did not abuse its discretion on this issue.

■ We need not examine this issue further, but assuming, *arguendo,* that Kenney had established that her trial counsel rendered ineffective assistance by failing to fully advise and prepare her for the possibility of testifying at trial, she would still bear the burden of establishing that she was prejudiced. In assessing prejudice on this issue, the appellate courts have historically inquired whether the defendant expressed a desire to testify, what the substance of the defendant's testimony would have been had she testified, whether the defendant had been misled by her trial counsel regarding her right to testify, and whether the defendant was ignorant of her right to testify. *See Foster v. State,* 748 S.W.2d 903, 908 (Mo.App. 1988).

Here, Kenney offered minimal testimony at the evidentiary hearing that she would have testified at trial that she was innocent of the charges. That is all we know, however, about the substance of her potential trial testimony. Kenney never presented testimony at the evidentiary hearing that she was unaware of her right to testify at trial, nor did she state that she had asserted to her trial counsel her desire to testify. She does not claim that she was unaware of her right to testify, or had been misled regarding that right. Thus, the evidence before the motion court does not support Kenney's claim that she was prejudiced by her trial counsel's alleged conduct.

## EVIDENCE OF THE BANANA SODOMY

Appellant's remaining point on appeal concerns the admission of certain evidence and testimony regarding the insertion of a banana into the victim's rectum during the assault. Her point on appeal contains three allegations of error. First, that her trial counsel rendered ineffective assistance by failing to file a motion in limine or to suppress regarding that evidence. Second, that the motion court incorrectly held that the evidence was not admitted at trial. Third, that the appellant was prejudiced by the admission of the evidence because it was the only evidence of a sexual assault on the victim and its probative value was far outweighed by its prejudicial effect.

■ Appellant correctly points out that the motion court erroneously found that evidence of the banana sodomy was not admitted at trial. Finding that the evidence was not admitted, the motion court held that Kenney could not have been prejudiced by the prosecutor's reference to the banana sodomy in opening statement. A cursory review of the trial transcript reveals that the motion court clearly erred in its finding that such evidence was not admitted. At least one photograph of the banana was admitted, and one of the victim's assailants briefly testified regarding his co-assailant's actions with the banana. Despite the motion court's erroneous finding, its ruling should not be disturbed if it can be sustained upon other grounds. *See State v. Bradley,* 811 S.W.2d 379, 383 (Mo. banc 1991).

Even if her trial counsel could render ineffective assistance in failing to file a motion in limine or a motion to suppress, it is hard to see how Kenney could have been prejudiced by that failure. A motion in limine or to suppress is interlocutory in nature, and does not conclusively bar the introduction of the challenged evidence. *See State v. Dowell,* 25 S.W.3d 594, 601 (Mo.App.2000). Thus, even if such a motion had been made and sustained, the prosecution would not have been barred from offering such evidence. *Id.* Indeed, to preserve the issue for appeal, it would have been necessary for the prosecution to offer the evidence at trial. *See State v. Smith,* 725 S.W.2d 631, 633 (Mo.App.1987). Similarly, had the motion been denied, Kenney's trial counsel would need to assert objections at trial to the challenged evidence. Here, trial counsel made timely objections[2] when the banana sodomy was mentioned in opening statement or when evidence regarding the banana sodomy was offered. Therefore, even though trial counsel filed no pretrial exclusionary motion, Kenney was not prejudiced by that failure.

Nevertheless Kenney argues that the banana sodomy evidence was not properly admissible at trial. She contends that the evidence was inadmissible because it was evidence of uncharged criminal conduct. Here, the banana sodomy was not mentioned in the information that was filed. Instead, the information alleged only that Kenney, "acting with others, knowingly caused serious physical injury to Naomi Baum by hitting her and injecting an unknown fluid into her body, believed to be ethylene glycol and cocaine." This claim is not cognizable in a postconviction proceeding. There is no claim that trial counsel failed to preserve the issue at trial. Clearly he did so by raising proper and timely objections to the evidence. We note from our own review of the direct appeal legal file that trial counsel also preserved the issue in the motion for new trial. Kenney chose not to raise that issue in her direct appeal. When "an issue is raised in a motion for new trial but is not raised in the direct appeal, the issue is considered to be abandoned." *Kelly v. State,* 784 S.W.2d 270, 272 (Mo.App.1989). Her claim that the evidence was not admissible, having been abandoned on direct appeal, cannot be raised in this proceeding. *See id.*

The judgment denying relief pursuant to Rule 29.15 is affirmed.

PAUL M. SPINDEN, Chief Judge, and JAMES M. SMART, Jr.,Judge, concur.

---

**2.** Those objections were overruled by the trial court.