Sandra **KENNEY–GILLSON**,
Appellant,

v.

**MISSOURI DEPARTMENT OF CORRECTIONS, Missouri Board of Probation and Parole, Jay Nixon, State of Missouri, et al, Respondents.**

No. WD 67771.

Missouri Court of Appeals,
Western District.

July 17, 2007.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 28, 2007.

Sandra Marie Kenney–Gilson, Chillicothe, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stephen David Hawke, Office of Attorney General, Jefferson City, for Respondent.

Before THOMAS H. NEWTON, Presiding Judge, JAMES M. SMART, JR., Judge, and RONALD R. HOLLIGER, Judge.

RONALD R. HOLLIGER, Judge.

Sandra Kenney–Gillson appeals from a declaratory judgment entered against her, in which she argued her sentence was too long. Kenney–Gillson was sentenced to two consecutive fifteen-year terms of imprisonment for knowingly causing serious injury to Naomi Baum (her estranged husband's girlfriend) and Baum's unborn child by hitting Baum and injecting ethylene glycol and cocaine into her body.

## Statement of Facts/Procedural History

Kenney–Gillson was convicted in 1997 on two counts of first degree assault, one of which was a Class B felony and the other a Class A felony. On direct appeal, the court of appeals affirmed the conviction for the Class B first degree assault against Baum's unborn baby, and directed the trial court to enter judgment of conviction for Class B first degree assault against Baum. *State v. Kenney,* 973 S.W.2d 536, 548 (Mo. App. W.D.1998). The denial of her motion for post-conviction relief was also affirmed. *Kenney v. State,* 46 S.W.3d 123 (Mo.App. W.D.2001).

In June 2006, Kenney–Gillson filed a petition for a declaratory judgment, arguing that her sentence was too long. Specifically, she argued that first degree assault did not make her a dangerous felon and, therefore, she should not have to serve 85% of her sentence before becoming eligible for parole. Further, she argued that her sentence was much longer compared to other female offenders. The Missouri Department of Corrections filed a motion for judgment on the pleadings, which was granted.

## Analysis

■ On appeal, Kenney–Gillson argues that: (1) she should not be considered a dangerous offender for purposes of the 85% minimum sentence requirement; (2) she would like for her sentences to run concurrently instead of consecutively; and (3) her sentence is excessive compared to other female offenders. We do not reach the merits of her appeal, however, because of her failure to comply with the appellate briefing rules.

The requirements for a brief are set forth in Rule 84.04. The Missouri Supreme Court has recently stated that:

Points relied on are critical and must be stated as specified in Rule 84.04(d). The specific requirements for points relied on for review of a trial court decision are set out in subdivision (d)(1). That provision requires each point to (A) identify the trial court ruling or action that the appellant challenges; (B) state concisely the legal reasons for the appellant's claim of reversible error; and (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error. A point relied on which does not state wherein and why the trial court erred does not comply with Rule 84.04(d) and preserves nothing for appellate review. A point relied on written contrary to the mandatory requirements of Rule 84.04(d), which cannot be comprehended without resorting to other portions of the brief, preserves nothing for appellate review.

*Storey v. State,* 175 S.W.3d 116, 126 (Mo. banc 2005) (internal quotation marks and citations omitted).

■ Kenney–Gillson's sole point relied on states: "The Cole County Circuit Court erred in granting summary judgment because there exists genuine issues of material facts in dispute that precludes

summary judgment." This point neither concisely states the legal reasons for her claim of reversible error, nor does it explain why, in the context of the case, those legal reasons support the claim of reversible error. It merely states the trial court's ruling and her dissatisfaction with it. "It is not the function of the appellate court to serve as advocate for any party to an appeal." *Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978). Kenney–Gillson's point preserved nothing for review.

The appeal is dismissed.

THOMAS H. NEWTON, Presiding Judge, and JAMES M. SMART, JR., Judge, concur.