

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| LEWIS C. MARSHALL, | ) | |
| | ) | |
| Appellant, | ) | **WD85339** |
| v. | ) | |
| | ) | **OPINION FILED:** |
| | ) | **November 7, 2023** |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | |

**Appeal from the Circuit Court of Buchanan County, Missouri
The Honorable Patrick K. Robb, Judge**

**Before Division Three:** Karen King Mitchell, Presiding Judge, and
Alok Ahuja and Edward R. Ardini, Jr., Judges

Lewis Marshall appeals, following an evidentiary hearing, the denial of his Rule 29.15 motion for post-conviction relief. Marshall raises three claims on appeal. He argues that trial counsel was ineffective in (1) failing to object both pre-trial and during trial to the number of propensity witnesses presented under the authority of Article I, § 18(c), of the Missouri Constitution; (2) failing to both seek a motion in limine and object during trial regarding testimony that Marshall's granddaughter said she had "special tickle time" with Marshall; and (3) failing to both seek a motion in limine and

object during trial to witness testimony as to what they heard from others regarding abuse by Marshall. Finding no error, we affirm.

## Background

During Thanksgiving 2016, Victim (Marshall's adult stepson) gathered with other relatives at his mother's house. *State v. Marshall*, 596 S.W.3d 156, 157 (Mo. App. W.D. 2020). When the group began discussing spending the night there, Victim's niece (and Marshall's granddaughter) stated she could not stay because, if she did, she would miss "special tickle time with Grandpa." *Id*. This statement caused Victim concern because Marshall had sexually abused Victim during Victim's childhood, but Victim never told anyone. *Id*. Upon hearing his niece's statement, Victim decided to finally disclose to both family and law enforcement authorities what Marshall had done years earlier. *Id*. Victim's disclosures led to the State charging Marshall with one count of sodomy and one count of sexual abuse against Victim. *Id*.

Marshall was tried by a jury in April of 2018. *Id*. During trial, the State presented eight witnesses under the authority of Article I, § 18(c), of the Missouri Constitution, who all testified to uncharged acts of sexual abuse that Marshall had committed against them years or even decades earlier, in most instances when the witnesses were minors. *Id*. at 158. Marshall also testified in his own defense, where he admitted engaging in some physical abuse of his children but denied all allegations of sexual abuse. *Id*.

The jury found Marshall guilty as charged, and the court sentenced him to concurrent terms of life imprisonment for sodomy and four years for sexual abuse. *Id*. We affirmed Marshall's convictions and sentences on direct appeal. *Id*. at 162.

2

Thereafter, Marshall filed a *pro se* Rule 29.15 motion for post-conviction relief. Appointed counsel then filed an amended motion, alleging ineffective assistance of trial counsel for (1) failing to object pre-trial and at trial to limit the number of propensity witnesses; (2) failing to file a motion in limine and object to testimony about what Marshall's granddaughter said and object to such testimony; and (3) failing to file a motion in limine to prevent witnesses from testifying about what other people said about Marshall sexually assaulting them and failing to object to the testimony.

The motion court held an evidentiary hearing, wherein it received testimony from trial counsel and a copy of the underlying transcript, and it took judicial notice of the underlying case file. After the hearing, the motion court issued its findings of fact and conclusions of law overruling Marshall's amended motion. The motion court determined that, with respect to the propensity witnesses, trial counsel did not have the benefit of the Missouri Supreme Court's decision in *State v. Williams*, 548 S.W.3d 275 (Mo. banc 2018), outlining the effect of Article I, § 18(c), on the admissibility of propensity testimony. Nevertheless, the motion court determined that, had counsel objected, the objection would have excluded the testimony of four of the eight propensity witnesses; yet the motion court determined that Marshall was ultimately not prejudiced because the jury verdict was unlikely to have changed, even if the number of propensity witnesses was reduced from eight to four. With respect to Marshall's granddaughter's statement about "special tickle time," the motion court found that any objection would have been overruled; therefore, Marshall failed to prove deficient performance. And, as to hearsay testimony from witnesses about Marshall sexually abusing others, the motion court found

3

that Marshall failed to establish prejudice because many of the witnesses were available at trial for cross-examination and, even if an objection had been made and sustained, it would not have changed the outcome of the trial. Marshall appeals.

## Standard of Review

We review the denial of a Rule 29.15 post-conviction motion for clear error. *Balbirnie v. State*, 649 S.W.3d 345, 352 (Mo. App. W.D. 2022) (citing Rule 29.15(k)). We will not find clear error unless the motion court's findings of fact and conclusions of law leave us "with the definite and firm impression that a mistake has been made." *Id*. (quoting *Propst v. State*, 535 S.W.3d 733, 735 (Mo. banc 2017)). "Regardless of the motion court's findings and conclusions in denying the motion, we will affirm the motion court's decision if sustainable for any reason." *Id*. (quoting *Morrison v. State*, 619 S.W.3d 605, 609 (Mo. App. W.D. 2021)).

## Analysis

Marshall raises three claims on appeal, all alleging ineffective assistance of counsel. To establish ineffective assistance of trial counsel, a movant must prove "that defense counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under the same or similar circumstances and that [the movant] was thereby prejudiced." *Yuille v. State*, 654 S.W.3d 416, 421 (Mo. App. W.D. 2022). If a movant fails to prove either deficient performance or resulting prejudice, the claim fails, and we need not consider the other prong. *Id*.

4

## I. Trial counsel was not ineffective for failing to object to the number of propensity witnesses.

In Point I, Marshall argues that trial counsel was ineffective for failing to object both pre-trial and at trial to the number of propensity witnesses admitted under Article I, § 18(c), of the Missouri Constitution. We disagree.

The adoption of Article I, § 18(c), was approved by Missouri voters in the 2014 general election, and it provides:

> Notwithstanding the provisions of sections 17 and 18(a) of this article to the contrary, in prosecutions for crimes of a sexual nature involving a victim under eighteen years of age, relevant evidence of prior criminal acts, whether charged or uncharged, is admissible for the purpose of corroborating the victim's testimony or demonstrating the defendant's propensity to commit the crime with which he or she is presently charged. The court may exclude relevant evidence of prior criminal acts if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice.

Mo. Const. art. I, § 18(c). "The enactment of Article I, Section 18(c) effectively created a new evidentiary standard for sex crimes involving minors." *State v. Matson*, 526 S.W.3d 156, 158 (Mo. App. W.D. 2017).

In his amended motion, Marshall argued that trial counsel should have objected to the *number* of propensity witnesses, suggesting that, at most, two would have been an acceptable number. But the amended motion did not argue that, as to any individual witness, the prejudicial effect of the testimony substantially outweighed the probative value; nor did the amended motion indicate *which* two of the eight witnesses presented at trial were admissible and which witnesses were not. Instead, Marshall's argument was that eight propensity witnesses were simply too many and, therefore, tipped the legal

5

relevance balancing scale in favor of exclusion of six of the witnesses. But this argument ignores that, while § 18(c) contains a legal relevance balancing test, it contains no express limitation on the *number* of prior allegations the State may use to establish a defendant's propensity to engage in sex crimes involving minors. Furthermore, any exclusion under § 18(c) based on legal relevance would necessarily involve a comparison of the probative value of the allegation versus its prejudicial effect.

In arguing that counsel was ineffective, Marshall relies substantially on *State v. Williams*, 548 S.W.3d 275 (Mo. banc 2018), *State v. Brown*, 596 S.W.3d 193 (Mo. App. W.D. 2020), and *State v. Minor*, 648 S.W.3d 721 (Mo. banc 2022). But all of these cases were decided *after* Marshall's trial, and none of them hold that § 18(c) limits the number of incidents the State may use to establish a defendant's propensity to engage in sex crimes involving minors.

**A. Counsel is not ineffective for failing to anticipate a shift in the law.**

Marshall acknowledges that, at the time of his trial, existing case law indicated that a trial court's discretion over the admission of propensity evidence under Article I, § 18(c), was nearly unlimited. *See, e.g., State v. Rucker*, 512 S.W.3d 63, 69 (Mo. App. E.D. 2017) (noting that, "even if the evidence's probative value was 'substantially outweighed by the danger of unfair prejudice,' the trial court was not required to exclude the evidence"); *State v. Thigpen*, 548 S.W.3d 302, 315 (Mo. App. E.D. 2017) (noting that "exclusion is not required even if the probative value [of the evidence] was substantially outweighed by the prejudicial effect"). But Marshall argues that "challenging the admission of propensity evidence under [§] 18(c) was not a 'novel' objection" and,

6

therefore, we may still find counsel's performance deficient because counsel could have anticipated the Missouri Supreme Court's decision in *Williams* and its progeny even though those decisions post-dated his trial.[1]  We disagree.

"The effectiveness of counsel is 'measured by what the law is at the time of trial.'" *Collings v. State*, 543 S.W.3d 1, 22 (Mo. banc 2018) (quoting *Hoeber v. State*, 488 S.W.3d 648, 658 (Mo. banc 2016)).  "As a result, counsel is not ineffective 'for failing to anticipate a change in the law.'"  *Id.* (quoting *Hoeber*, 488 S.W.3d at 658).  We cannot consider the effect of *Williams* or its progeny on the admissibility of the propensity evidence in this case.

---

[1] In *State v. Edwards*, 537 S.W.3d 848, 855 (Mo. App. E.D. 2017), the Eastern District focused on the amendment's use of the word "may," noting "that the General Assembly's use of the word 'may' in Section 18(c) indicates that the trial court has discretion to exclude the evidence [if not legally relevant], but it is not obligated to do so."  In other words, "the trial court is permitted to *admit* propensity evidence falling under Article I, Section 18(c) even if its probative value is *substantially outweighed* by the prejudice it inflicts."  *Id.* (emphasis in original).  Accordingly, the Eastern District held that "the 2014 enactment of Article I, Section 18(c) of the Missouri Constitution effectively renders unreviewable the court's decision to admit . . . propensity evidence," and a court admitting propensity evidence under the amendment "simply cannot be convicted of reversible error."  *Id.* at 854, 855 (citing *State v. Rucker*, 512 S.W.3d 63, 68-70 (Mo. App. E.D. 2017) and *State v. Thigpen*, 548 S.W.3d 302 (Mo. App. E.D. 2017)).

But the Missouri Supreme Court's decision in *Williams* changed that. "Notwithstanding the word 'may[,]' . . . propensity evidence must pass the legal relevance test . . . before it can be admitted," and "[c]ases to the contrary, such as *State v. Rucker*, 512 S.W.3d 63 (Mo. App. [E.D.] 2017), should no longer be followed."  *State v. Williams*, 548 S.W.3d 275, 285 n.11 (Mo. banc 2018); *see also State v. Burge*, 596 S.W.3d 657, 663 n.9 (Mo. App. S.D. 2020) ("The *Edwards* holding (*i.e.*, '[e]ssentially, if the trial court admits propensity evidence under Section 18(c), the constitutional provision appears to imply that the court simply cannot be convicted of reversible error[ ]') was abrogated by our Supreme Court's opinion in *Williams*.").

7

**B. The cases Marshall relies on do not address a limit on the number of prior allegations the State may present to establish propensity under § 18(c).**

Even if trial counsel had the benefit of *Williams* and its progeny at the time of Marshall's trial, those cases do not support Marshall's claim that trial counsel was ineffective in failing to object to the total number of propensity witnesses without establishing that any individual witness's testimony was, itself, inadmissible under § 18(c).

Missouri law is well settled "that a defendant may not dictate how the State tries its case." *In re Care and Treatment of Ballard*, 667 S.W.3d 219, 223 (Mo. App. S.D. 2023). "The state, because it must shoulder the burden of proving the defendant's guilt beyond a reasonable doubt, should not be unduly limited in its quantum of proof" where the evidence offered is both "material and relevant." *State v. Anderson*, 306 S.W.3d 529, 538 (Mo. banc 2010) (quoting *State v. Smith*, 32 S.W.3d 532, 546 (Mo. banc 2000)).

Here, Marshall does not identify a single witness of the eight who testified as offering testimony that was not logically relevant or wholly lacked probative value. Instead, he argues that, regardless of the number of prior *allegations* the State can establish, the State's evidence should be limited to a maximum number of *witnesses* to support those allegations. In other words, Marshall argues that, even though the State had evidence of eight prior allegations against him that were logically relevant, § 18(c)'s legal relevance balancing test required the State to elect only two of those witnesses to present at trial to establish his propensity, and presenting more was so prejudicial that it tipped the legal balancing scales in favor of exclusion.

8

In making this argument, he focuses on Judge Powell's concurrence in *Minor*. But *Minor* involved a very different scenario. In *Minor*, the State introduced evidence of only two prior sexual abuse allegations against the defendant, but it used numerous witnesses and documentary evidence to establish the validity of one of those prior allegations because it was uncharged. *Minor*, 648 S.W.3d at 741 (Powell, J., concurring). Judge Powell pointed out the inherent danger in introducing evidence of uncharged allegations under § 18(c)—that the State must present additional evidence to establish the truth of the allegations in order to establish *logical* relevance. *Id*. at 740-41 ("Left unchecked, one could easily imagine a trial court conducting numerous mini-trials over the legitimacy of the defendant's uncharged prior criminal acts while also adjudicating the guilt of one discrete criminal offense allegedly perpetrated against a different victim."). In other words, Judge Powell expressed concern that the quantum of evidence needed to establish a single uncharged crime might be so great that its prejudicial effect would outweigh the probative value of that evidence.

Here, while the prior allegations against Marshall were uncharged like those in *Minor*, the major distinction between the two cases is that, in Marshall's case, the State offered evidence of multiple prior allegations, using one witness for each, rather than multiple witnesses and documentary evidence to establish a single prior allegation as in *Minor*. Certainly, the latter is much more likely to lead to the kind of mini-trial raising Judge Powell's concern, while the former is more akin to the State choosing the evidence

it presents to meet its burden to prove a defendant's guilt.[2]  Thus, *Minor* does not address—much less support—Marshall's claim.

Furthermore, unlike in *Minor*, where the prejudice increased with each additional witness at a rate exceeding any added probative value from their testimony, here, any increase in prejudice was equal to an increase in probative value, given that each witness testified to distinct sexual acts involving a minor, thereby establishing with greater certainty Marshall's propensity to sexually abuse minors.  And "a defendant is not entitled to exclude evidence simply because it hurts his case."  *State v. Robinson*, 298 S.W.3d 119, 125 (Mo. App. E.D. 2009).  In these circumstances, there is no "magic number" of witnesses that automatically tips the scales in favor of exclusion; instead, Marshall needed to show that the probative value of either the witnesses' individual testimony or their testimony as a whole was substantially outweighed by any resulting prejudice.  But he made no effort to do so.  Therefore, he has failed to establish that counsel's performance was deficient.

---

[2] At oral argument, Marshall's counsel made essentially this same observation, drawing an analogy between the argument he raised and similar claims that the State unduly prejudices a defendant by presenting too many or especially gruesome crime scene photos, as was the issue in *State v. Clemons*, 643 S.W.2d 803 (Mo. banc 1983).  In *Clemons*, the Supreme Court rejected the defendant's claim that he was unduly prejudiced by the court's admission of photographs of the victims' burned bodies and that the trial court should, instead, have accepted the defendant's offer to stipulate to the victims' cause of death.  *Id*. at 804-05.  In rejecting the defendant's argument, the Court noted that, "[a]s the state must sustain its burden it should not be unduly limited as to the manner of satisfying this quantum of proof."  *Id*. at 805.

**C. The motion court's conclusion that it would have excluded certain witnesses if counsel had objected does not affect our analysis.**

Marshall further relies on the motion court's determination that, if trial counsel had objected, the court would have excluded four of the eight witnesses, as indicating that trial counsel's performance was deficient. We disagree.

Despite Marshall's failure to do so, the motion court applied a logical relevance test to each individual witness's testimony to determine whether it would have sustained an objection to any witness. But, as discussed, Marshall did not challenge the logical relevance of any individual's testimony; instead, he challenged only the total number of witnesses presented, without regard to their individual testimony, claiming that the prejudicial effect of allowing evidence of prior uncharged crimes from eight total witnesses outweighed the probative value of that evidence and, thus, it was not legally relevant. We are not going to conclude that trial counsel's performance was deficient based on the motion court's ruling addressing a claim Marshall failed to raise.

We will "affirm a motion court's judgment on a[ny] legal ground supported by the record, if the motion court arrived at the right result [even if] for the wrong reason." *Benedict v. State*, 569 S.W.3d 447, 450 (Mo. App. W.D. 2018). And, here, because Marshall failed to establish deficient performance, we need not evaluate whether Marshall was prejudiced. Point I is denied.

II.    **Trial counsel was not ineffective for failing to object to Marshall's granddaughter's statement.**

In his second point on appeal, Marshall argues that trial counsel was ineffective for failing to both file a motion in limine and object to testimony that Marshall's

granddaughter made a reference to "special tickle time with Grandpa." The motion court rejected this claim on the ground that any objection would have been overruled because the statement was neither propensity nor hearsay evidence, as Marshall argued.[3]

Marshall argued that counsel should have objected to testimony that Marshall's granddaughter referred to "special tickle time with Grandpa" on the grounds that it was both propensity evidence and hearsay. Because it was neither, Marshall cannot establish that trial counsel's performance was deficient.

At the evidentiary hearing, trial counsel indicated that he did not consider the testimony about "special tickle time" to be harmful to the defense because there was no "indicat[ion] that there was any sexual contact between [Granddaughter] and Mr. Marshall." On the contrary, trial counsel believed that "the fact that she and—you know, she was the grandchild of Mr. Marshall and he had access to her and there was never any indication that there was any sexual contact between the two of them I think was beneficial."

"As a general rule, evidence of a defendant's prior uncharged misconduct is inadmissible for the sole purpose of demonstrating the defendant's criminal propensity." *State v. Stufflebean*, 548 S.W.3d 334, 347 (Mo. App. E.D. 2018). But admission of evidence violates this general rule only if "the evidence shows that the defendant has

---

[3] "A motion in limine or to suppress is interlocutory in nature[] and does not conclusively bar the introduction of the challenged evidence. . . . Thus, even if such a motion had been made and sustained, the prosecution would not have been barred from offering such evidence." *Kenney v. State*, 46 S.W.3d 123, 130 (Mo. App. W.D. 2001). Accordingly, Marshall cannot show prejudice from counsel's failure to file a motion in limine, so we will not further address that claim.

12

committed, been accused of, been convicted of or definitely associated with another crime or crimes." *Id*. "Vague references are not clear evidence associating a defendant with other crimes." *Id.* (quoting *State v. Harris*, 156 S.W.3d 817, 824 (Mo. App. W.D. 2005)).

Here, as trial counsel noted, there was no evidence that Marshall ever engaged in sexual behavior with his granddaughter or that there was anything inappropriate about "special tickle time." Therefore, the admission of granddaughter's statement did not constitute inadmissible propensity evidence, and trial counsel cannot be deemed ineffective for failing to raise a meritless objection. *See Tisius v. State*, 519 S.W.3d 413, 429 (Mo. banc 2017).

Granddaughter's statement was also not inadmissible hearsay. "Hearsay statements are out-of-court statements used to prove the truth of the matter asserted, which, as a rule, are inadmissible." *State v. Perkins*, 656 S.W.3d 285, 303 (Mo. App. E.D. 2022). But "[t]estimony containing out-of-court statements that is presented to explain subsequent conduct is not offered for the truth of the matter asserted and is not hearsay." *State v. Selph*, 568 S.W.3d 561, 570 (Mo. App. S.D. 2019) (quoting *State v. Gordon*, 551 S.W.3d 678, 684 (Mo. App. W.D. 2018)).

Here, testimony about the granddaughter's statement was used not to prove that she had "special tickle time" with Marshall but, instead, to explain why Victim suddenly decided to disclose the abuse Marshall inflicted upon him years earlier. Because the statement was not admitted for the truth of the matter asserted, any hearsay objection by

trial counsel would have been denied as meritless. Because trial counsel is not ineffective for failing to lodge meritless objections, Marshall's second point is denied.

## III. Trial counsel was not ineffective for failing to object to hearsay statements.

In his final point on appeal, Marshall argues that trial counsel was ineffective for failing to file a motion in limine and object to what other people said about Marshall abusing them because this testimony constituted inadmissible propensity and hearsay evidence. But because trial counsel did object to some of this evidence and because the rest of it was cumulative, Marshall's claim is without merit.[4]

Marshall's claim revolves around five statements from four witnesses. He complains about the following statements:

- C.G.'s testimony that, after he disclosed Marshall's abuse to his mother, she told him he should have disclosed earlier so "maybe this wouldn't have happened to others";

- C.G.'s testimony on cross-examination that his brother told his mother, "No, it's true, Mom. He tried it on me";

- J.S.'s testimony on cross-examination that he "heard [Marshall] did bad things to his family, too";

- K.D.'s testimony that there was a girl at Bible study who said that Marshall had tried to kiss her; and

---

[4] Because even a successful motion in limine would not have foreclosed the possibility of the evidence coming into trial, *see* note 2, *supra*, Marshall cannot show prejudice from trial counsel's failure to file a motion in limine to preclude the evidence, and that aspect of Point III will not be further addressed.

- S.D.'s testimony that a friend told her it had happened to her and that there was "a little girl that would be—"

Trial counsel successfully objected to the statements made by both K.D. and S.D., and the court struck K.D.'s statement on trial counsel's request. Thus, Marshall's claim that counsel failed to object is contrary to the record and cannot support his claim of ineffective assistance of counsel as to those two statements.

With respect to the remaining three statements, Marshall has failed to establish any resulting prejudice from counsel's failure to object because the evidence was cumulative. "Evidence is considered cumulative when it addresses a matter fully developed by other testimony." *Lusk v. State*, 655 S.W.3d 230, 238 (Mo. App. E.D. 2022) (quoting *Eye v. State*, 551 S.W.3d 671, 675 (Mo. App. E.D. 2018)). "Counsel's failure to object to cumulative evidence, even where the trial court would have sustained the objection, does not result in prejudice." *Id*. (quoting *Polk v. State*, 539 S.W.3d 808, 822 (Mo. App. W.D. 2017)).

During the course of the trial, the jury heard directly from multiple witnesses victimized by Marshall, including three who were members of Marshall's family (Victim, K.A., and C.G.). Thus, C.G. and J.S.'s testimony suggesting that Marshall had engaged in similar acts with others, including his own family, was merely cumulative of other evidence presented at trial. Therefore, Marshall failed to establish any resulting prejudice from trial counsel's failure to object to the identified statements. Point III is denied.

## Conclusion

Marshall failed to establish ineffective assistance of trial counsel. The motion court did not clearly err in overruling Marshall's Rule 29.15 motion. The motion court's judgment is affirmed.

_____
Karen King Mitchell, Judge

Alok Ahuja and Edward R. Ardini, Jr., Judges, concur.