**Rochelle Walton GRAY, Appellant,**

v.

**Sylvester TAYLOR, II, Respondent.**

No. SC 92620.

Supreme Court of Missouri,
En Banc.

June 19, 2012.

Rehearing Denied June 20, 2012.

Elbert A. Walton Jr., Metro Law Firm LLC, St. Louis, for Gray.

Mary Elizabeth Dorsey, Ahlheim & Dorsey LLC, St. Charles, for Taylor.

Chris Koster, Atty. Gen., James R. Layton, Solicitor General, Attorney General's Office, Jefferson City, for State of Missouri, which submitted a brief as a friend of the Court.

PER CURIAM.

Rochelle Walton Gray appeals from the judgment of the trial court in favor of Sylvester Taylor II on her petition challenging the qualifications of Taylor to run for election in the Democratic Party primary for state representative in the 75th District. The trial court held that although Taylor did not reside within the boundaries of the new 75th district, art. III, sec. 4 of the Missouri Constitution requires only that he have resided for one year in the county or any of the districts from which the new district was created through reapportionment. This Court affirms.[1]

---

1. This Court transferred the case after a majority opinion by the court of appeals authored by the Honorable Kurt Odenwald, and a dissent authored by the Honorable Clifford Ahrens. Portions of those opinions are used without further attribution. This Court has jurisdiction. *Mo. Cont. art. V, sec.10.*

## FACTS

The facts of this case are not in dispute. Gray and Taylor are currently state representatives from two St. Louis County legislative districts. The judicial commission charged with reapportioning the 163 districts of the Missouri House of Representatives filed a reapportionment plan with the secretary of state on November 30, 2011.[2] Under the reapportionment plan, the districts were renumbered and redrawn to reflect population shifts.

Gray and Taylor both filed for nomination by the Democratic Party for state representative for the new 75th district where Gray resides. The district where Taylor resides was divided by reapportionment with portions now incorporated in the new 75th district. He does not live in those portions or any other part of the new 75th district.

Gray filed suit under section 115.526, RSMo 2000, challenging Taylor's qualifications to seek the Democratic nomination for the 75th District. She asserted that art. III, sec. 4 requires that a candidate must reside within the district where the candidate seeks to run for one year prior to the general election. Taylor contended that, because reapportionment occurred less than one year before the general election, art. III, sec. 4 requires only that he have resided for one year in the county or in any of the districts from which the new 75th District was created during reapportionment. Taylor meets the one year residency requirement in St. Louis County as well as the requirement that he reside in a district of which a portion is now included in the new 75th.

The trial court entered judgment in favor of Taylor finding that although Taylor did not reside within the boundaries of the new 75th district, art. III, sec. 4 requires only that he have resided for one year in the county or any of the districts from which the new district was created through reapportionment. This appeal follows.

## STANDARD OF REVIEW

■ This Court reviews the trial court's interpretation of the Missouri Constitution *de novo*. *State v. Biggs*, 333 S.W.3d 472, 477 (Mo. banc 2011).

## ANALYSIS

■ This case presents a question regarding the construction of art. III, sec. 4, in the context of the residency requirements after reapportionment of a state representative district. Article III, section 4 states:

> Each representative shall be twenty-four years of age, and next before the day of his election shall have been a qualified voter for two years and a resident of the county or district which he is chosen to represent for one year, if such county or district shall have been so long established, and if not, then *of the county or district from which the same shall have been taken.* (Emphasis added.)

Mo. Const. art. III, sec. 4.

The issue before this Court is whether, in the context of reapportionment within one year of a general election, art. III, sec. 4 requires a candidate for state representative to reside for one year within the new district created by reapportionment; or whether a candidate satisfies the one-year residency requirement by residing in the county or any district from which a portion was incorporated in the new district where the candidate seeks office, even

---

**2.** This date reflects that the reapportionment plan will be on file less than one year before the November 6, 2012 election.

if the candidate does not reside in that portion.

Gray does not dispute that Taylor is at least 24 years of age and that he has been a qualified voter for at least two years. She asserts, however, that he does not meet the residency requirement as it applies to new districts. Article III, section 4 must be construed to determine whether Taylor is "a resident of the county or district from which the same shall have been taken." Simply put, is he a resident of the county or district from which the new 75th district was created? Yes. Taylor currently resides in a district from which the new 75th district was created. As such, he satisfies the constitutional residency requirement for the 2012 election.

■ Words used in constitutional provisions are interpreted to give effect to their plain, ordinary, and natural meaning. *Buechner v. Bond*, 650 S.W.2d 611, 613 (Mo. banc 1983). The plain and ordinary meaning of the words "the county or district" is broad and unrestrictive and, hence, includes any part of such county or district. Had the drafters of the constitution wished to limit eligibility to candidates residing only in those parts of an old district that were absorbed into the new one, they could have crafted narrowing language to that effect. They did not, and, given the clear and unambiguous language of the clause, the Court need not speculate as to their intent.

■ Gray's interpretation obliges this Court to read words into the clause that are not there. The broad and general language of the clause "the county or district from which the same shall have been taken" cannot reasonably be construed to mean that Taylor must reside within the particular portion of the old district that was re-drawn into the new district. The plain language of the clause imposes no such requirement, and this Court must not infer one. A court may not add words by implication when the plain language is clear and unambiguous. *State ex rel. Young v. Wood*, 254 S.W.3d 871, 873 (Mo. banc 2008).[3]

Additionally, Gray suggests that Taylor's literal interpretation would produce the unintended result that a candidate could seek election in any district in St. Louis County without having any connection to the chosen district. This concern is wholly unfounded as this interpretation has been historically followed for decades. Although not binding, the interpretations by the attorney general, historically and currently, support this position. Mo. Atty. Gen. Ops. 104–67 (Anderson, 1967) and 56–82 (Ashcroft, 1982); *Amicus Curiae* Brief. 4 (Koster, 2012). Further, the secretary of state has advised potential candidates throughout the years accordingly.[4]

The trial court's judgment is affirmed.

TEITELMAN, C.J., RUSSELL, BRECKENRIDGE, FISCHER, STITH and DRAPER, JJ., concur.

PRICE, J., not participating.

---

3. Although *State ex rel. Young v. Wood* cited this rule as it applies to interpretation of a statute, the same rules of construction apply when examining a constitutional provision. *Thompson v. Committee on Legislative Research*, 932 S.W.2d 392, 395 n. 4 (Mo. banc 1996).

4. Even if a non-resident candidate were to achieve victory in a new district, the new representative would still be subject to the one-year residency requirement in a subsequent election, and, prior to the next primary, must have resided in the new district for at least one year.