

# In the Missouri Court of Appeals
# Eastern District

**DIVISION ONE**

| | | |
|---|---|---|
| GREGORY B. JONES, | ) | No. ED112116 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| v. | ) | |
| | ) | Honorable Scott A. Millikan |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | Filed: August 13, 2024 |

Movant Gregory B. Jones appeals the motion court's order denying his claims for post-conviction relief after holding an evidentiary hearing. Movant is not entitled to relief on his claims. One point is not cognizable in a post-conviction relief proceeding, and Movant failed to demonstrate deficient performance and prejudice on his other two, ineffective assistance of counsel claims. The motion court, therefore, did not clearly err in denying Movant's motion. Hence, we affirm.

### *Factual and Procedural Background*

A jury in 2016 convicted Movant of two counts of first-degree statutory sodomy. The convictions stemmed from two incidents that occurred sometime between 2001 and 2003, when the victim, who is Movant's step-granddaughter, was around ten years old. The trial court sentenced Movant to thirty years in the custody of the Missouri Department of Corrections on each

count, said sentences to run concurrently. This Court affirmed Movant's convictions and sentences on direct appeal. *State v. Jones*, 546 S.W.3d 1 (Mo. App. E.D. 2017).

Movant then sought post-conviction relief pursuant to Rule 29.15. Two of Movant's claims for relief centered around the admission at trial of his prior convictions as propensity evidence. Movant first alleged that he was deprived of his due process rights when the Supreme Court of Missouri denied his Application for Transfer after its holding in *State v. Williams*, 548 S.W.3d 275 (Mo. banc 2018), which overruled the caselaw that this Court relied on to affirm the trial court's judgment. He then alleged that trial counsel was ineffective for failing "to present evidence and argument" distinguishing Movant's prior convictions for rape and attempted rape from the charged offenses of first-degree statutory sodomy. Movant additionally claimed that trial counsel was ineffective for failing to effectively cross-examine the victim as to "inconsistencies across her statements and testimony and the testimony of other witnesses." The motion court held an evidentiary hearing, at which trial counsel testified. Movant testified by deposition. The motion court then denied Movant's claims. Movant now appeals.

### Standard of Review

Appellate review of the motion court's denial of a post-conviction relief motion is not a *de novo* review. *Joos v. State*, 277 S.W.3d 802, 805 (Mo. App. S.D. 2009) (internal quotation omitted). The motion court's ruling is presumed correct. *Greene v. State*, 585 S.W.3d 800, 803 (Mo. banc 2019). This Court's review of a motion court's denial of a motion for post-conviction relief is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. *Id*.; Rule 29.15(k). A motion court's findings and conclusions are clearly erroneous only if, after a review of the record, this Court is left with a definite and firm impression that a mistake has been made. *Greene*, 585 S.W.3d at 803. Furthermore, this Court

2

will affirm the motion court's denial of post-conviction relief if the motion court reached the correct result, even if the stated reason for the motion court's ruling is incorrect. *Curry v. State*, 438 S.W.3d 523, 524 (Mo. App. E.D. 2014); *Swallow v. State*, 398 S.W.3d 1, 3 (Mo. banc 2013) (the judgment of the post-conviction relief motion court may be affirmed on any legal ground supported by the record if the circuit court arrived at the correct result).

### Point I: Application for Transfer & Legal Relevancy Balancing Test

Movant first alleges the motion court clearly erred in denying his claim that he was deprived of his due process rights when the Supreme Court of Missouri denied his Application for Transfer after its holding in *State v. Williams*, 548 S.W.3d 275 (Mo. banc 2018), which overruled the caselaw that this Court relied on to affirm Movant's convictions on direct appeal in 2017.

As noted, this point and the following point, Point II, are centered on the admission at trial of evidence of Movant's prior convictions as propensity evidence. Missouri voters in 2014 amended the Missouri constitution to enact a new rule of evidence in criminal cases. *State v. Jones*, 546 S.W.3d 1, 6 (Mo. App. E.D. 2017). This amendment, Article I, Section 18(c), provides:

> Notwithstanding the provisions of sections 17 and 18(a) of this article to the contrary, in prosecutions for crimes of a sexual nature involving a victim under eighteen years of age, relevant evidence of prior criminal acts, whether charged or uncharged, is admissible for the purpose of corroborating the victim's testimony or demonstrating the defendant's propensity to commit the crime with which he or she is presently charged. The court *may* exclude relevant evidence of prior criminal acts if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice.

(Emphasis added). "This amendment expressly allows the admission of "relevant evidence of prior criminal acts" to demonstrate the defendant's propensity to commit the charged crimes, in sex-crime prosecutions involving a minor victim." *Jones*, 546 S.W.3d at 6. The evidence of prior criminal acts, however, must be both logically and legally relevant. *Id*. Evidence is logically relevant if "it has any tendency to make the existence of a material fact to the case more or less

probable than it would be without such evidence." *Id.* Traditionally, evidence is considered to be legally relevant if its probative value outweighed its prejudicial effect. *Id.* at 7.

Movant was convicted in 1968 of forcible rape and in 1975 of attempted rape. The State submitted Movant's prior convictions as propensity evidence under Article I, Section 18(c) of the Missouri Constitution. Movant sought to exclude his prior convictions from evidence, arguing that the probative value from the convictions was substantially outweighed by the danger of unfair prejudice. Movant claimed that his prior convictions lacked any probative value because they were remote in time and dissimilar to statutory sodomy.

The trial court denied Movant's pre-trial motion *in limine* as well as Movant's objections at trial, and admitted the evidence of Movant's prior convictions "for purposes of propensity … pursuant to the Missouri Constitution." The trial court did not make an express determination on the record weighing the probative value and the prejudicial impact of the evidence.

Movant appealed following his convictions, contending that the trial court erred in admitting his prior convictions as propensity evidence without first conducting an express balancing test on the record as to whether the probative value of such evidence was outweighed by the danger of unfair prejudice. He contended that such a balancing test was required and that a properly conducted balancing test would reveal that the probative value of his prior convictions was far exceeded by the danger of unfair prejudice, therefore precluding the admission of his prior convictions. This Court rejected Movant's argument on direct appeal and affirmed Movant's convictions. In addressing the legal relevancy of the prior convictions, we noted that traditionally evidence was considered to be legally relevant if its probative value outweighed its prejudicial effect. *Jones*, 546 S.W.3d at 7. This Court, however, citing *State v. Thigpen*, 548 S.W.3d 302 (Mo. App. E.D. 2017) and *State v. Rucker*, 512 S.W.3d 63 (Mo. App. E.D. 2017), noted that Article I,

4

Section 18(c) altered this traditional balancing test in crimes of a sexual nature committed against minor victims. We held that the constitutional amendment dispensed with the requirement that the trial court conduct any balancing analysis of probative value to prejudice. *Jones*, 546 S.W.3d at 7. We noted that the constitutional amendment provides that the trial court "*may* exclude relevant evidence of prior criminal acts if the probative value of the evidence is *substantially* outweighed by the danger of unfair prejudice." (Emphasis added). *Id.* We reasoned that the General Assembly's use of the word "may" indicated that the court had the discretion to exclude such evidence but was not obligated to do so. *Id.* As a result, even if the probative value of Movant's prior convictions was substantially outweighed by the danger of unfair prejudice, the trial court was not required to exclude its admission. *Id.* "The trial court may, at its discretion, admit evidence of prior misconduct even if the danger of unfair harm from such evidence substantially outweighs its probative value." *Id.* For evidence falling within the purview of Article I, Section 18(c), the trial court may, but is not required to, exclude evidence that traditionally would lack legal relevance. *Id.*

This Court on direct appeal made no determination as to whether the evidence of Movant's prior crimes was legally relevant. Rather, this Court only decided that the trial court had discretion in choosing to not exclude evidence for lack of legal relevance. Thus, because the evidence of Movant's prior convictions was logically relevant,[1] and because the trial court had discretion to

---

[1] This Court held that the prior convictions were logically relevant, in that the prior convictions tended to prove that Movant was more likely to commit statutory sodomy. *Jones*, 546 S.W.3d at 7. This Court reasoned that the remoteness in time of the prior offenses did not eliminate its logical relevance but rather generally affected the weight to be given such evidence. *Id.* at 6-7. We noted that though events occurring closer in time may have more probative value and could be given more weight by the jury, events remote in time retain sufficient probative value to meet the low threshold required by the logical relevance test. *Id.* at 7. As to the claimed dissimilarities between the crimes, this Court held that the prior offenses were not so dissimilar as to eliminate their probative value because both the prior offenses and the offenses for which Movant was charged involved impermissible physical and harmful contact of a sexual nature with the victim. *Id.*

5

admit evidence under Article I, Section 18(c) that was substantially more prejudicial than probative, this Court held that Movant's argument – that trial court erred in admitting propensity evidence which was allegedly substantially more prejudicial than probative – to be necessarily without merit. *Id*. at 7-8. This Court later denied Movant's post-opinion motion for rehearing &/or transfer to the Supreme Court of Missouri, which raised the same issues.

Movant then filed an Application for Transfer with the Supreme Court of Missouri, on the same two issues: (1) whether a court must engage in a balancing test when admitting evidence pursuant to Article I, Section 18(c); and (2) whether, after concluding that the prejudicial effect of the evidence outweighs its probative value, the court can nevertheless still admit the evidence under Article I, Section 18(c). Movant argued that a balancing test was mandatory, not permissive, and that the wholesale admission of propensity evidence, without qualification, violated the Due Process Clause of the U.S. Constitution. Movant asserted that the "unfettered" admission of his prior convictions, without any consideration for the requisite balancing test, and without regard for the prejudicial effect of the evidence, violated his rights to Due Process and a fair trial.

While Movant's application was pending at the Supreme Court, the Supreme Court issued *State v. Williams*, 548 S.W.3d 275 (Mo. banc 2018). *Williams* also involved the admission of propensity evidence under Article I, Section 18(c). The Supreme Court held that, notwithstanding the word "may" in the amendment, propensity evidence must pass the legal relevance test before it can be admitted under Article I, Section 18(c). In other words, the circuit court must weigh and balance the probative value and the prejudicial impact of the evidence, and must exclude the evidence, even if logically relevant, when "the prejudicial effect substantially outweighs the probative value of the evidence." *Williams*, 548 S.W.3d at 285 n.11. The Supreme Court directed that cases to the contrary, such as *State v. Rucker*, 512 S.W.3d 63 (Mo. App. E.D. 2017), should no

6

longer to be followed. *Id.* Three weeks later, the Supreme Court denied Movant's Application for Transfer, allowing this Court's opinion affirming Movant's conviction to stand.

In seeking post-conviction relief, Movant alleged that he was deprived of his federal due process rights when the trial court admitted irrelevant evidence; the Court of Appeals affirmed Movant's convictions based on a determination that legally irrelevant evidence was admissible; and the Supreme Court of Missouri denied Movant's Application to Transfer after holding in *Williams* that legally irrelevant evidence is not admissible pursuant to Article I, Section 18(c). The motion court denied Movant's claim, reasoning that the issue had been raised and denied on Movant's direct appeal.

Movant alleges the motion court clearly erred in denying his claim. Movant contends that in determining the issue had already been decided, the motion court "missed the point" of the issue he had raised. Movant argued that he was not re-litigating the decision of the trial court to admit the propensity evidence. Rather, Movant asserts the issue raised, for the first time, was that his due process rights were violated when the Supreme Court denied his application, thus finally affirming his convictions, after the Court handed down *Williams* that overruled the precedent upon which the Court of Appeals had affirmed his convictions. Movant argues the failure to require a balancing test and the unfettered admission of evidence of his prior convictions violated his rights to due process and a fair trial. He asserts that in failing to follow its own precedent, the Supreme Court of Missouri allowed his convictions to stand in the face of "flagrant" due process violations.

Movant is not entitled to relief, for three fundamental reasons: (1) his claim is not cognizable in a proceeding under Rule 29.15; (2) this Court and the motion court do not have the authority to overrule a decision of the Supreme Court; and (3) this issue was raised and decided on direct appeal.

7

To begin, Movant's claim is not cognizable in a proceeding under Rule 29.15. Rule 29.15 provides an exclusive procedure to seek relief for the claims specifically enumerated by the rule. Rule 29.15(a). Such claims are limited to: (1) that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States, including claims of ineffective assistance of trial and appellate counsel; (2) that the court imposing the sentence was without jurisdiction to do so; or (3) that the sentence imposed was in excess of the maximum sentence authorized by law. *Id.* Claims that are not included in this list are not cognizable under the rule. *Williams v. State*, 646 S.W.3d 434, 439 (Mo. App. E.D. 2022). That the Supreme Court of Missouri did not grant an application for transfer, and then overturn Movant's conviction, is not a challenge to the conviction or sentence imposed, but a challenge to the Supreme Court's decision regarding a post-appeal application. Movant conceded that his post-conviction claim was not seeking to litigate the issue of the actual admission of the propensity evidence – a ruling that might have affected the lawfulness of his conviction. Instead, Movant challenged a ruling not included in the enumerated claims in the rule.

Next, the motion court and this Court are without authority to overrule a decision of the Supreme Court of Missouri. Missouri's Constitution expressly states that the Supreme Court of Missouri "shall be the highest court in the state" and that its "decisions shall be controlling in all other courts." Mo. Const. art. V, section 2. As such, this Court and the circuit courts are "constitutionally bound to follow the most recent controlling decision of the Missouri Supreme Court," and inquiries questioning the correctness of such a decision are improper. *Doe v. Roman Cath. Diocese of St. Louis*, 311 S.W.3d 818, 822 (Mo. App. E.D. 2010). The motion court and this Court have no authority to presuppose or second guess the Supreme Court of Missouri's

8

determination as to whether Rule 83.04 grounds exist supporting its discretionary transfer and review of the case. *Kim v. State*, 591 S.W.3d 873, 879 (Mo. App. S.D. 2019).

Lastly, "[p]ost-conviction relief under Rule 29.15 is not a substitute for direct appeal or to obtain a second chance at appellate review." *McLaughlin v. State*, 378 S.W.3d 328, 357 (Mo. banc 2012); *Sallee v. State*, 460 S.W.2d 554, 558-59 (Mo. 1970). "Claims of trial error will only be considered in a Rule 29.15 motion where fundamental fairness requires, and then, only in rare and exceptional circumstances." *Tisius v. State*, 183 S.W.3d 207, 212 (Mo. banc 2006). Movant has not shown such rare and exceptional circumstances here.

Movant claims his due process rights were violated when his conviction became final, leaving the admission of his prior convictions without any consideration for the requisite balancing test, and without regard for the prejudicial effect of the evidence. This issue was raised during his direct appeal, and specifically in his Application for Transfer to the Supreme Court. Transfer to the Supreme Court is discretionary under Rule 83.04. Thus, the Supreme Court denied Movant's request for transfer. We acknowledge that there was a change in the law while Movant's application was pending before the Supreme Court, which would have precipitated a different analysis by this Court when addressing his claims on direct appeal. However, the Supreme Court was aware of the issues raised in Movant's Application for Transfer and it was aware of its recent *Williams* decision. The Supreme Court did not remand the case with instructions. Instead, the Supreme Court denied transfer, leaving to stand this Court's opinion affirming Movant's convictions. This decision is controlling. Moreover, as discussed above this Court is without authority to second guess and overrule the Supreme Court's determination. We do note, however, that Movant's claim is based on presumptions. Movant simply presumes, because nothing is on the record, that the trial court did not engage in the balancing test when admitting the evidence at

9

trial. The Supreme Court in *Williams* held that the circuit court is not required to make an express finding of legal relevance before admitting evidence under Article I, section 18(c), provided the record reflects a sound basis for the balancing the amendment requires. *Williams*, 548 S.W.3d at 286. He further presumes that any balancing of the probative value against prejudicial effect would necessarily result in a finding that the prejudice substantially outweighed the probative value of the evidence.

For the above reasons, Movant's claim necessarily fails. The motion court, therefore, did not clearly err in denying relief on Movant's claim. We deny this point.

### *General Ineffective Assistance of Counsel, Post-Conviction Relief Law*

Movant's remaining two points involve claims of ineffective assistance of counsel. To prevail on an ineffective assistance of counsel claim, a movant must satisfy the two-pronged test announced in *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Staten v. State*, 624 S.W.3d 748, 750 (Mo. banc 2021). First, a movant must show that counsel failed to exercise the level of skill and diligence that a reasonably competent attorney would exercise under similar circumstances; second, the movant must show that counsel's deficient performance prejudiced movant. *Staten*, 624 S.W.3d at 750. A movant must overcome the strong presumption that counsel's conduct was reasonable and effective. *Johnson v. State*, 406 S.W.3d 892, 899 (Mo. banc 2013). To overcome this presumption, a movant must identify "specific acts or omissions of counsel that, in light of all the circumstances, fell outside the wide range of professional competent assistance." *Id*. To demonstrate prejudice a movant must establish that but for counsel's deficient performance there is a reasonable probability that the outcome of the proceeding would have been different. *McFadden v. State*, 619 S.W.3d 434, 445 (Mo. banc 2020). A movant must prove his or her claims by a preponderance of the evidence. *Johnson*, 406 S.W.3d at 898.

10

### *Point II: Distinguishing Prior Convictions*

Movant alleges the motion court erred in denying relief on his claim that trial counsel was ineffective for failing "to present evidence and argument" distinguishing Movant's prior convictions for rape and attempted rape from the charged offenses of first-degree statutory sodomy.

The prosecutor, over objection by Movant's counsel, read Movant's two prior convictions into evidence at the end of the State's case in chief. Specifically, the prosecutor stated:

> Ladies and gentlemen, on December 18, 1968, the defendant was found guilty of the felony of forcible rape in the Circuit Court of the City of St. Louis, State of Missouri. And on May 20, 1975, the defendant was found guilty of the felony of attempted rape in the Circuit Court of the City of St. Louis, State of Missouri.

No other evidence was presented by either party regarding Movant's prior convictions.

In seeking post-conviction relief, Movant claimed that counsel should have presented information that the priors were remote in time and dissimilar to the charged offenses in that the victims of the prior convictions were not related and both were older than Movant (and thus did not involve pedophilia). Movant alleged that had counsel provided a more detailed account of Movant's prior convictions the outcome of trial would likely have been different. Movant argued that his priors were so remote in time and dissimilar to the charged offenses that, if carefully evaluated by the jury, the priors would not tend to influence whether Movant sodomized his prepubescent granddaughter. The motion court denied relief on the claim, reasoning that Movant did not show that evidence of the prior convictions would have been excluded and Movant did not show that he would have admitted and distinguished the prior convictions if he would have testified. The motion court noted that Movant denied that he had committed the prior offenses, despite his convictions. We discern no error by the motion court.

Trial counsel explained at the evidentiary hearing that he did not distinguish the prior convictions as a matter of trial strategy. He knew that evidence of the prior convictions would be

11

admitted and was aware of the potentially damaging effect of that evidence. He acknowledged that there were differences between the prior convictions and the charges for which Movant was on trial. Still, counsel made a strategic choice to not draw those distinctions. His thought process at the time was that he needed to preserve the issue of admissibility of the prior convictions for appeal. Counsel characterized the issue of admissibility of the prior convictions as a "really significant" issue in the case. Counsel was very concerned that if he raised, introduced, and presented evidence of the prior convictions he would waive appellate review of the issue of admissibility under the Constitution.

"The selection of witnesses and evidence are matters of trial strategy, virtually unchallengeable in an ineffective assistance claim." *Johnson*, 406 S.W.3d at 900 (internal quotation omitted). "No matter how ill-fated it may appear in hindsight, a reasonable choice of trial strategy cannot serve as a basis for a claim of ineffective assistance." *Id*. "The question in an ineffective assistance claim is not whether counsel could have or even, perhaps, should have made a different decision, but rather whether the decision made was reasonable under all the circumstances." *Id*. at 901 (internal quotation omitted). Trial strategy decisions may be a basis for ineffective counsel only if that decision was unreasonable. *Id*. at 899.

Here, trial counsel filed a motion *in limine* seeking to exclude the evidence, which the trial court denied. With respect to a motion *in limine*, it is clear that to properly preserve an objection to the admission of evidence, which is the subject of the motion, a party must wait until the challenged evidence is actually offered and then make a specific objection to its admission. *Nolte v. Ford Motor Co.*, 458 S.W.3d 368, 378 (Mo. App. W.D. 2014). This is what trial counsel did here. A party cannot seek to utilize evidence in the pursuit of one reasonable trial strategy and then turn around on appeal and claim that same evidence was inadmissible and prejudicial. *Id*. at 377-

12

78; *State v. Carollo*, 172 S.W.3d 872, 876 (Mo. App. S.D. 2005). A party's preemptive introduction of the challenged evidence waives his objection thereto on appeal. *Nolte*, 458 S.W.3d at 378.; *State v. Mickle*, 164 S.W.3d 33, 57 (Mo. App. W.D. 2005). In short, if trial counsel here had faced the evidence directly by first broaching the subject and crafting a defense around the evidence, counsel would have waived the issue of admissibility on appeal.

Counsel testified that the admissibility of Movant's prior convictions was a "really significant" issue in the case. Movant's trial, held in 2016, dealt with a recent change in the law. Missouri voters two year earlier amended the Missouri constitution to allow the admission of "relevant evidence of prior criminal acts" to demonstrate the defendant's propensity to commit the charged crimes, in sex-crime prosecutions involving a minor victim. Mo. Const. art. I, sec. 18(c); *Jones*, 546 S.W.3d at 6. Movant's position at trial – and to this day – was that evidence of Movant's prior convictions was not admissible under the recent change in the law. Counsel's decision to preserve that issue for appeal, and not risk waiving the issue by raising Movant's prior convictions, was reasonable under the circumstances. We acknowledge trial counsel also testified that in hindsight he should have distinguished the prior convictions more but this testimony is of no assistance to Movant. The court does not view counsel's performance in hindsight. When assessing counsel's performance, the reasonableness of counsel's decision "must be viewed at the time the decision occurred, taking into consideration the circumstances of case." *Tucker v. State*, 468 S.W.3d 468, 474 (Mo. App. E.D. 2015); *Strickland*, 466 U.S. at 689.

Contrary to Movant's assertion, trial counsel distinguished his prior convictions. Counsel addressed the remoteness of the prior convictions during his closing argument. The jury heard evidence that the prior offenses occurred in 1968 and 1975. Counsel expressly noted that the prior convictions were from forty-one years prior to trial. He argued that the State was emphasizing the

13

prior convictions because the State was desperate due to the lack of evidence. Continuing, counsel argued that because of the lack of evidence, the State was "putting a stigma" on Movant – putting "the scarlet letter" on him – and allowing the jury to look at Movant in a completely different light and believe that because this happened forty-one years ago the victim's story must be true. Movant's claim that counsel failed to present evidence and argument about the remoteness of the prior crimes is meritless.

To the extent Movant contends counsel should have distinguished the priors once the evidence was presented by the State, this contention also fails. Given Movant's denial of the prior convictions, Movant offered no suggestion as to what witness counsel should have called or what counsel should have done, other than "to present evidence and argument" to provide context and a more detailed explanation for the prior convictions.[2] Missouri is a fact pleading state. *State v. Harris*, 870 S.W.2d 798, 815 (Mo. banc 1994). Rule 29.15 is consistent with that position. *Id*. "To receive post-conviction relief under Rule 29.15, a movant must offer sufficient allegations to allow the motion court to meaningfully apply the *Strickland* standard and decide whether the pleaded claim warrants the relief requested." *Jones v. State*, 679 S.W.3d 566, 574 (Mo. App. E.D. 2023); *Morrow v. State*, 21 S.W.3d 819, 824 (Mo. banc 2000). A bare assertion of "failure to present evidence and argument" is not sufficient to properly raise a claim under Rule 29.15. Courts "will not draw factual inferences or implications in a Rule 29.15 motion from bare conclusions." *Barnett v. State*, 103 S.W.3d 765, 769 (Mo. banc 2003).

---

[2] To prevail on a claim of ineffective assistance for failure to call a witness, a movant must show that: (1) trial counsel knew or should have known of the existence of the witness; (2) the witness could be located through reasonable investigation; (3) the witness would testify; and (4) the witness's testimony would have produced a viable defense." *Shockley v. State*, 579 S.W.3d 881, 906 (Mo. banc 2019) (internal quotation omitted). Movant, however, made no such assertions in his amended motion.

At the evidentiary hearing, it was suggested that counsel could have presented the evidence through Movant's testimony. However, a movant may not refine his claim at the evidentiary hearing. *Johnson v. State*, 388 S.W.3d 159, 167 (Mo. banc 2012) ("Pleading defects cannot be remedied by the presentation of evidence and refinement of a claim on appeal."); *Jones*, 679 S.W.3d at 574 ("The purpose of an evidentiary hearing … is not to provide the movant with an opportunity to produce new facts not alleged in the Rule 29.15 motion"). Movant did not testify at trial, as was his right. Even if he had testified, Movant has not demonstrated that his testimony would have resulted in distinguishing the priors, much less that it would have produced a viable defense. In Movant's deposition for the evidentiary hearing, Movant testified that had he taken the stand at trial and testified regarding the prior convictions, he would have testified that he was innocent – that he was wrongfully convicted. As the motion court cogently observed, Movant did not testify that he would have distinguished the crimes. "If a potential witness's testimony would not unqualifiedly support a defendant, the failure to call such a witness does not constitute ineffective assistance." *Hosier v. State*, 593 S.W.3d 75, 88 (Mo. banc 2019).

Movant has not overcome the strong presumption that counsel rendered adequate assistance exercising reasonable professional judgment. Movant has not explained how or demonstrated that counsel's course of representation was outside the wide range of professionally competent representation. And thus, Movant has not demonstrated deficient performance on the part of trial counsel. Movant has not satisfied the first prong of the *Strickland* test.

Movant has also not demonstrated prejudice, the second prong of the *Strickland* test. Movant contends that had counsel given a more detailed account and explained how the priors were dissimilar to the charged offenses that context would have prevented the influence the priors

had over the jury. In short, he contends that the evidence of the prior convictions, without any context, influenced the jury to convict him of the charged offenses.

Movant's claim of influence and prejudice is speculative. The jury was instructed on the charged crimes of first-degree statutory sodomy. The jury was also given Instruction Number 9, which addressed Movant's prior convictions. Pursuant to that instruction, the jury was instructed that it could use evidence of prior convictions only for propensity and that the jury "may not consider such evidence for any other purpose."[3] The jury was also instructed that it "may not convict a person simply because they believed the person may have committed similar acts in the past." We presume the jury followed the instructions. *Christian v. State*, 455 S.W.3d 523, 528 (Mo. App. W.D. 2015). Movant makes no allegation to the contrary. Because the jury was instructed that they could consider Movant's prior convictions only as propensity evidence, we presume that the jury did not use his convictions as evidence of guilt. *See Id*.

We also fail to see the probative value of providing further details of the prior convictions. The 1968 rape conviction centered around a burglary that involved a knife. The victim was eighteen years old. Movant and his codefendant both raped the victim. One would hold the knife while the other one raped the victim. The 1975 conviction for attempted rape also involved a burglary and a weapon. Movant was convicted for attempting to rape a woman in her own bed at gunpoint. Conceivably, such details as burglaries, a gang rape, and the use of weapons during the commission of the sexual offenses would have been adduced by the State and would have been

---

[3] Instruction Number 9 was patterned after MAI-CR 3rd 310.12, modified in order to comply with Article I Section 18(c )of the Missouri Constitution. Instruction Number 9 read:

> If you find and believe from the evidence that the defendant was convicted of the offenses of rape and attempted rape, you may consider that evidence on the issue of demonstrating the defendant's propensity to commit the crime of statutory sodomy in the first degree with which he is presently charged. You may not consider such evidence for any other purpose.
>
> The defendant is on trial only for the crimes charged. You may not convict a person simply because you believe he may have committed similar acts in the past.

more prejudicial to Movant had counsel gone into more detail.[4]  Movant does not explain how such harmful details would have benefitted him.

In light of counsel's closing argument, the jury instructions, and the harmful circumstances surrounding the prior offenses, no reasonable probability exists that the outcome of the trial would have been different had counsel provided a more detailed account of Movant's prior convictions.

Because Movant did not demonstrate that counsel's performance was deficient or that he suffered prejudice, he is not entitled to relief on his claim.  The motion court, therefore, did not clearly err in denying the claim.  We deny this point.

### Point III:  Cross-Examination

Lastly, Movant alleges the motion court clearly erred in denying relief on his claim that trial counsel was ineffective for failing to effectively cross-examine the victim as to "inconsistencies across her statements and testimony and the testimony of other witnesses."  In particular, Movant alleges counsel was ineffective for failing to cross-examine the victim regarding her inconsistent statements on two topics: (1) that she testified to remembering the crimes after having flashbacks and nightmares but had not mentioned those to law enforcement; and (2) that she had not been talked to about reporting sexual abuse and thus did not tell anyone about the incidents at the time they occurred.

The victim testified at trial regarding two incidents of sexual abuse by her step-grandfather, Movant.  The incidents took place sometime between 2001 and 2003, when the victim and her family were living with Movant at Movant's residence.  The victim was around ten years old at

---

[4] Generally, the State is restricted from going into the details of the prior conviction beyond the nature, date, place, and resulting sentence of the prior conviction.  However, if a defendant "makes statements designed to blunt the impact of a prior conviction … it is within the trial court's discretion to permit the prosecutor to test and challenge such statements by going into the details of the crime leading to a prior conviction." *State v. Hansen*, 660 S.W.3d 45, 50 n.4 (Mo. App. S.D. 2023).

the time. She did not report the abuse when it occurred. Shortly thereafter, the victim and her family moved out of Movant's residence. The victim testified that she suppressed the incidents, but then over twelve years later, after having temporarily moved into Movant's house, she started having nightmares and flashbacks about the abusive events. Overcome by those nightmares and flashbacks, the victim disclosed the incidents of abuse to her parents, and in turn to law enforcement. The victim first spoke with an officer from the Child Abuse Unit, and disclosed the details of Movant's abuse. The officer's report and summary of the victim's statement, however, does not mention the victim having nightmares or flashbacks. The victim then had a follow-up conversation with a detective from the St. Louis Police Department. The victim again disclosed the details of Movant's abuse. The detective's report and summary of the conversation with the victim also does not mention her having nightmares or flashbacks.

The victim testified that she did not tell anyone about the incidents at the time they occurred because:

> I was confused about what was happening to me. I had never – was talked to about this type of situation. I was still so young, I guess, and it being a family member, I wasn't sure it was appropriate for me to kind of talk about it.

She further testified that her stepfather never asked her when she was a child if anyone had ever molested or touched her. In seeking post-conviction relief, Movant alleged that the victim's testimony conflicted with other testimony showing that the victim had been instructed to report touching and had been repeatedly asked about it by her stepfather. The victim's stepfather testified that he always asked the victim when she was young if anyone had ever touched her. He testified that he told all three children to be aware of "anything that's out of the ordinary, anything that doesn't feel right, seem right, tell your parents. Tell me and your mother." The victim's sister testified that her stepfather instructed her and her siblings, including the victim, on what to do if

18

someone touched them or acted inappropriately. She testified that when growing up her stepfather asked her and the victim, if anyone – including their step-grandfather – had ever touched them.

Movant contended that reasonably effective counsel would have cross-examined the victim regarding all of these inconsistencies, and that in failing to do so, trial counsel failed to meaningfully challenge the State's case. Movant alleged that had counsel conducted such a cross-examination of the victim as to the conflicting statements, the cross-examination would have damaged the victim's credibility, which would have led to acquittal.

The motion court denied relief for two reasons. First, the motion court reasoned that trial counsel testified as to his reasonable strategy for failing to "go hard" on the victim at trial. Second, the court reasoned that it was entirely speculative whether cross-examining the victim about how she recovered her repressed memories would have diminished her credibility to the jury. The court noted that such cross-examination may have instead been more harmful to the defense.

As with the presentation of evidence, discussed above in Point II, the extent and manner of cross-examination, including the impeachment of a witness, are matters of trial strategy. *McGuire v. State*, 523 S.W.3d 556, 571 (Mo. App. E.D. 2017). "In virtually every case, the extent of cross-examination must be left to the judgment of counsel." *Phillips v. State*, 679 S.W.3d 43, 49 (Mo. App. E.D. 2023) (quoting *White v. State*, 939 S.W.2d 887, 897 (Mo. banc 1997)). "The mere failure to impeach a witness does not entitle a movant to post-conviction relief." *Harding v. State*, 613 S.W.3d 522, 530 (Mo. App. E.D. 2020). Instead, "a movant must demonstrate that the decision was not a matter of reasonable trial strategy and that the impeachment would have provided him with a defense or would have changed the outcome of trial." *Tucker*, 468 S.W.3d at 474; *Baumruk v. State*, 364 S.W.3d 518, 533 (Mo. banc 2012).

19

Trial counsel articulated a specific strategic basis for his decision to not pursue additional cross-examination. In testifying at the evidentiary hearing, trial counsel acknowledged that his cross-examination of the victim was very brief. He knew the case was a "he-said, she-said" case. He agreed that in such cases credibility is key and that if key details change then there are more arguments to make about credibility. Indeed, counsel noted that "oftentimes, all you can hang onto are any minute variations in testimony." Regardless, he decided to keep his cross-examination very brief. Counsel explained that one of his main concerns at the time was that he did not want to upset the victim or for the jury to get more emotional. He explained that the victim came off as very sympathetic and appeared to be credible. He stated that "everything she said her testimony was landing very hard on the jury." He explained that the jurors were getting emotional during the victim's testimony. He noted that "most of them were crying" and that they were dabbing their eyes. He further noted that there were eleven women on the jury and that they were passing the box of Kleenex around amongst themselves. Counsel explained that while sitting at the defense counsel table, he knew he had a dilemma on how to handle the witness, and clearly thought about how he was going to deal with the situation. His decision at that time was to not "go hard" at the witness, and to keep cross-examination brief, because he felt like he was quickly losing the jury. Counsel admitted it was a strategy call.

Trial counsel clearly considered the circumstances presented at trial and made a decision to keep cross-examination brief. "After considering all the circumstances presented at trial, counsel may fairly determine that the use of certain impeachment evidence may cause his or her client more harm than benefit." *McGuire*, 523 S.W.3d at 571 (internal quotation omitted). "A strategic choice to either limit or not impeach a witness at all for fear that doing so would alienate the jury or create sympathy for the State's witnesses is a reasonable one." *Byrd v. State*, 329 S.W.3d

20

718, 726 (Mo. App. S.D. 2010); *Phillips*, 679 S.W.3d at 49-50 (decision to not pursue further cross-examination for fear of generating additional sympathy for the victim was reasonable trial strategy); *see also, e.g., Harding*, 613 S.W.3d at 531; *McGuire*, 523 S.W.3d at 571-2; *Tramble v. State*, 414 S.W.3d 571, 575 (Mo. App. E.D. 2013); *Fry v. State*, 244 S.W.3d 284, 287–88 (Mo. App. S.D. 2008). Further, even if another strategy – cross-examining the victim as suggested by Movant – would have been reasonable, it is not ineffective assistance of counsel to pursue one reasonable trial strategy to the exclusion of another reasonable trial strategy. *McGuire*, 523 S.W.3d at 571.

In light of the circumstances present at trial, counsel's decision to not cross-examine the victim was reasonable trial strategy because to aggressively cross-examine the victim may have generated additional sympathy for the victim, thus alienating the jury and harming Movant's defense. Although a different defense counsel may have proceeded in a different manner, trial counsel's decision was "within the wide range of reasonable professional assistance" countenanced by the Sixth Amendment. *Strickland*, 466 U.S. at 689; *Phillips*, 679 S.W.3d at 50.

Movant in his amended motion did not expressly argue that counsel's strategy was unreasonable. On appeal, Movant emphasizes that counsel also testified that in hindsight he should have crossed-examined the victim about the nightmares and the flashbacks, and that his decision was not a matter of strategy but was just a "stupid mistake" because he left Movant without any context to the victim's accusation. But this testimony is of no assistance to Movant. Reasonable choices of trial strategy, no matter how ill-fated they appear in hindsight, cannot serve as basis for a claim of ineffective assistance. *Barton v. State*, 432 S.W.3d 741, 749 (Mo. banc 2014) (internal quotation omitted). Additionally, when assessing counsel's performance, the reasonableness of counsel's decision "must be viewed at the time the decision occurred, taking into consideration

21

the circumstances of case." *Tucker*, 468 S.W.3d at 474; *Strickland*, 466 U.S. at 689. The motion court appropriately rejected counsel's hindsight testimony and instead considered and credited counsel's explanation of the circumstances and his decision made at the time of trial.

Movant had the burden of showing that trial counsel's decision was not a matter of reasonable trial strategy. He has not carried his burden. His claim for relief thus necessarily fails.

Even if counsel's decision was not reasonable trial strategy, Movant must also demonstrate that the desired impeachment would have provided him with a viable defense or would have changed the outcome of trial in order to be entitled to relief. *Tucker*, 468 S.W.3d at 474; *Baumruk*, 364 S.W.3d at 533; *Washington v. State*, 681 S.W.3d 347, 356 (Mo. App. E.D. 2023) ("[t]o establish prejudice on a failure to impeach claim, the movant has the burden of showing that, had the witness been impeached, it would have provided a viable defense or otherwise met the *Strickland* standard"). Movant has failed to meet the burden.

Movant does not allege that the desired impeachment would have provided him a viable defense. The impeachment regarding victim's nightmares and flashbacks, as well as her testimony about not knowing to report the incidents, did not negate an element of the charged offenses of statutory sodomy, and thus would not have provided a viable defense for Movant. *Washington*, 681 S.W.3d at 356 ("testimony that negates an element of the crime for which the movant was convicted constitutes a viable defense").

Movant also has not shown that the desired impeachment would have changed the outcome of trial. Movant argues that cross-examining the victim regarding the inconsistencies would have damaged the victim's credibility, which would have led to acquittal. But, as the motion court observed, Movant's claim that the desired cross-examination would have diminished the victim's credibility and changed the outcome of trial is speculative.

To begin, Movant failed to show that the proposed cross-examination regarding victim's nightmares and flashbacks would have impeached the victim at all. That testimony explained the late reporting of the abuse by the victim. Movant failed to show that the victim had said something contrary or inconsistent to the police from what she said at trial regarding the actual abuse. Movant only alleges that an inconsistency exists because the nightmares and flashbacks were not mentioned in the police reports. Moreover, to lay a proper foundation to impeach a witness with a prior inconsistent statement, the witness must be provided an opportunity to refresh her recollection of the statement and then admit, deny, or explain it. *State v. Thomas*, 590 S.W.3d 441, 446 (Mo. App. S.D. 2019). Counsel conceded at the evidentiary hearing that any claim as to what the victim would say about the reports would have been speculative. The victim may have testified that she did not mention the flashbacks to police because they did not ask her about them. The victim also may have testified that she did tell police about the flashbacks, but they did not include it in the report, which would not have impeached her at all. Without any evidence as to the foundation for the impeachment, Movant failed to prove that cross-examination regarding the victim's nightmares and flashbacks would have provided him with a viable defense or would have changed the outcome of trial in order for Movant to be entitled to relief.

As to Movant's claim regarding the victim's statements about not knowing to report the crimes, the record shows that trial counsel in fact presented evidence contrary to the victim's testimony that she was not talked to about "this type of situation" or asked if she had ever been molested or touched. On trial counsel's cross-examination of the victim's stepfather, counsel elicited that the stepfather had "always" talked to the victim about others touching her, and that he had done so since the victim was four of five years old. Trial counsel elicited testimony that the stepfather had always asked the victim when she was young if anyone had ever touched her. In

23

addition, on trial counsel's cross-examination of the victim's sister, counsel elicited testimony that the stepfather had talked with both the sister and the victim about the issue when they were young and gave them instructions to tell him or their mother about it. The jury heard the varying testimony and determined its weight. Given this, and given the questionable effect of the desired impeachment, no reasonable probability exists that the outcome of the trial would have been different had counsel cross-examined the victim regarding the alleged inconsistencies.

Movant failed to show that counsel's decision was not a matter of reasonable trial strategy, and thus that counsel's performance was deficient. Furthermore, Movant has not shown that the desired impeachment would have provided him with a viable defense or would have changed the outcome of trial. Movant failed to satisfy both prongs of the *Strickland* test, and thus is not entitled to relief on his claim. Accordingly, the motion court did not clearly err in denying Movant's claim. We deny this point.

We affirm.

_____
Angela T. Quigless, J.

James M. Dowd, P.J., and
Cristian M. Stevens, J., concur.

24